AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AVENTIS PHARMA DEUTSCHLAND GMBH and KING PHARMACEUTICALS, INC., V. LUPIN LTD. and LUPIN PHARMACEUTICALS, INC. | **SUBPOENA IN A CIVIL CASE** <br><br> CASE NUMBER:[1] Civil Action No. 2:05cv421 <br> Case pending in the Eastern District of Virginia <br><br> FILED <br> APR 07 2006 <br> JOHN M. WATERS, Clerk <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS <br> URBANA, IL <br><br> 06-mc-2013 <br> CD/IL No. |

TO:  William H. Pirkle
     501 N Russell St
     Champaign, IL 61821-2636
     Phone: (217) 356-6678

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

x YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Courtyard Champaign <br> 1811 Moreland Blvd <br> Champaign, IL 61822 | April 11, 2006 |

x YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| Rakoczy Molino Mazzochi Siwik LLP <br> Six West Hubbard, Suite 500 <br> Chicago, Illinois 60610 | March 27, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agent, other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> /s/ Alice L. Riechers <br> Alice L. Riechers, Attorney for Defendants | DATE <br> March 1, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alice L. Riechers, Rakoczy Molino Mazzochi Siwik LLP, 6 W. Hubbard, Ste. 500, Chicago, IL 60610    (312) 222-6302

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                           TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained i the Proof of Service is true and correct.

Executed on _____
                                    DATE                                        SIGNATURE OF SERVER

_____ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, suc person may in order to attend trial be commanded to travel from any such place with the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information r describing specific events or occurrences in dispute and resulting from the exp study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met wit undue hardship and assures that the person to whom the subpoena is addressed be reasonably compensated, the court may order appearance or production onl upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce th as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be m expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding pa to contest the claim.

## EXHIBIT A

## DEFINITIONS WITH RESPECT TO ITEMS SUBPOENAED

The terms used in the following list of items subpoenaed shall be construed as follows:

A. "Pirkle" shall mean William H. Pirkle, Ph.D.

B. "Aventis" shall mean Aventis Pharma Deutschland GmbH, and all of the predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other persons acting or purporting to act on behalf of the foregoing entities, including, but not limited to, Aventis Pharma Inc.

C. "King" shall mean King Pharmaceuticals, Inc., and all of the predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other persons acting or purporting to act on behalf of the foregoing entities.

D. "Schering" shall mean Schering Corporation, and all of the predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other persons acting or purporting to act on behalf of the foregoing entities.

E. The term "'206 patent" shall mean Canadian Patent No. 1,341,206.

F. The term "Example 20A" refers to Example 20A of the '206 patent.

G. The term "'722 patent" shall mean U.S. Patent No. 5,061,722.

H. The term "'258 patent" or "Gold Patent" shall mean U.S. Patent No. 4,587,258.

I. The term "Neustadt" shall mean European Patent Application No. 0,050,800.

J. The term "PTO" shall mean the U.S. Patent and Trademark Office.

K. The term "Canadian Litigation" shall mean *Aventis Pharma Inc. v. Apotex Inc.*, [2005] F.C.J. No. 1559.

L. The term "person" shall mean any individual, corporation, proprietorship, partnership, limited partnership, association, joint venture, governmental body or agency, or other legal entity.

M. "Document" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

N. "Thing" shall mean any physical specimen or other tangible item, other than a document.

O. "And" or "or" shall be construed conjunctively or disjunctively, and singular or plural forms of words shall be construed as plural or singular, as necessary to make the request inclusive rather than exclusive; "any" shall mean one or more.

P. The term "communication(s)" means any oral, written, electronic, or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing,

including, but not limited to, spoken words, discussions, conferences, conversations, negotiations, agreements, understandings, inquiries, promises, complaints, or correspondence.

Q. "Relating to" means to consist of, refer to, reflect, or be in any way legally, logically, or factually connected with the matter discussed.

R. When a document or thing that "concerns" or "concerning" any given matter is sought, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to, discussing, or prepared in connection with the matter.

## INSTRUCTIONS

A. Each document or thing or group of documents or things produced in response to the subpoena shall indicate the item number of the subpoena to which it is responsive.

B. For purposes of this subpoena, a document or thing is deemed to be in your control if you have the right to secure the document or thing or a copy thereof from another person or entity having actual possession of the document or thing.

C. If you claim that a document or thing requested by this subpoena is privileged or immune from discovery as work product or on any other ground, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide within twenty (20) days of service of this subpoena a list:

    1. specifying each withheld document or thing, or portion thereof, as follows:

        (a) its date;

        (b) the general nature of the document or thing (e.g., whether it is a letter, chart, pamphlet, memorandum, etc.);

        (c) a summary of its contents, or the general subject matter of the document or thing;

        (d) the identity of each other document or other thing transmitted with or attached to that allegedly privileged or discovery-immune document or thing;

        (e) its present location and the identity of its current custodian;

        (f) the identity of each person who authored, prepared, or signed the document or thing;

        (g) a listing identifying each person, including but not limited to addresses and designated copy recipients, to whom either the original or a copy of the document or thing has been disclosed, including the date and means of such disclosure; and

    (h)  the nature of the privilege, immunity, or other rule of law relied upon to withhold the information, document, or thing, and the facts supporting your asserted reliance.

Any purportedly privileged or discovery-immune information or document that contains matter that is not privileged or immune from discovery must be produced with the purportedly privileged or discovery-immune portion excised.

Mar. 1. 2006 5:24PM Case 2:06-mc-02013-MRM-DGB #1 Page 5 of 7 No. 0920 P. 7/8

## ITEMS SUBPOENAED

1. All documents and things concerning, referencing, or otherwise evidencing communications between Pirkle and Aventis and/or Schering and/or King, relating to ramipril, the '206 patent, or Example 20A, including but not limited to letters, facsimiles, meeting agendas, and meeting notes.

2. All documents and things concerning any synthesis, testing or analysis performed by Pirkle, or on his behalf, on any ramipril and/or drug product containing ramipril and/or any precursor to ramipril.

3. All documents and things concerning data, results, memoranda, notes, reports, communications, experimental or equipment-related conditions, protocols, plans, or procedures relating to any testing or analysis performed by Pirkle, or on his behalf, relating to the '206 patent or Example 20A.

4. All documents and things concerning any patent which purports to relate to ramipril, in which Aventis and/or Schering has any interest, including, but not limited to, the '722 patent, the Gold Patent, and Neustadt.

5. All documents and things concerning the prosecution of the '722 patent before the PTO, including, but not limited to, documents concerning any declaration submitted by any person during the prosecution of the '722 patent before the PTO.

6. All documents and communications between Pirkle and Aventis and/or Schering and/or King relating to the '206 patent or Example 20A.

7. All documents and communications between Pirkle and Aventis and/or Schering and/or King concerning the Canadian Litigation.

8. All declarations and testimony drafted, submitted or given by Pirkle relating to the Canadian litigation.

9. All agreements, including any engagement letters and any drafts thereof, between Pirkle and Aventis and/or Schering and/or King.

10. All documents and communications referencing any agreement, including any engagement letter, between Pirkle and Aventis and/or Schering and/or King.

11. All documents and communications between Pirkle and any other consultant, expert, lab assistant, or student, relating to the Canadian Litigation, including but not limited to Dr. James Wuest.

## CERTIFICATE OF SERVICE

I, Alice L. Riechers, hereby certify that on this 1st day of March, 2006, I caused the foregoing Rule 45 Subpoena in a Civil Case to William H. Pirkle to be served on the following counsel by facsimile:

Alan Dale Albert
LECLAIR RYAN PC
999 Waterside Dr
Suite 2525
Norfolk, VA 23510

Dana Johannes Finberg
LECLAIR RYAN PC
PO Box 2499
Richmond, VA 23218-2499

*Attorneys for Plaintiff Aventis Pharma Deutschland GmbH and King Pharmaceuticals, Inc.*

Gerald Sobel
Joel Katcoff
Benjamin C. Hsing
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Attorneys for Plaintiff Aventis Pharma Deutschland GmbH*

F. Dominic Cerrito
Daniel L. Malone
Jonathan A. Muenkel
JONES DAY
222 East 41st Street
New York, New York 10017

*Attorneys for Plaintiff King Pharmaceuticals, Inc.*

_____